UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-60041-CIV-ZLOCH/WHITE

JIMMY JEAN-BAPTISTE NOEL,

    Plaintiff,
v.

ANTONIO ARIAS, et al.,

    Defendants.
_____/

# **DEFENDANT'S, ANTONIO ARIAS, MATTHEW PORTERFIELD, JORGE PACHECO, DAVID SANTIAGO AND LARRY REYES, RESPONSE TO PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND FINAL JUDGMENT**

Defendants, ANTIONIO ARIAS, MATTHEW PORTERFIELD, JORGE PACHECO, DAVID SANTIAGO and LARRY REYES, by and through his undersigned counsel, hereby files this Response to Plaintiff's Motion to Vacate the Dismissal and Final Judgment and as grounds would state as follows:

1. Plaintiff initiation this action in federal court. Regardless of his pro se status, he was required to abide by the Federal Rules of Civil Procedure, the Local Rules for the Southern District and comply with all Orders of the Court.

2. On January 11, 2018, this Court issued An Order of Instruction to Pro Se Litigants. [DE 5]. That Order required Plaintiff to keep the Court advised of his current address at all times.

3. It appears that Plaintiff was aware of that Order.

4. After Plaintiff was released from the Broward County jail on April 11, 2018, he had an obligation to comply with the Court's Order [DE 5] and update his current address.

5. Plaintiff has failed to demonstrate that he complied with the Court's Order.

6. Although Plaintiff avers in his Affidavit that he attempted to file multiple

1

(unidentified) motions in this case, along with a change of address notification in May 2018, Plaintiff has not provided copies of any such documentation to demonstrate precisely what he attempted to file with the Court. [DE 42, ¶6.].

7. Moreover, Plaintiff has not indicated that any such documents were served on counsel of record. Counsel for the Defendants never received any such court filings.

8. Plaintiff provides no further information about the date, time or location that he attempted to use the PACER system or contact the helpdesk for assistance with a log-in.

9. Plaintiff has not demonstrated that the mistake was by anyone other than himself. He has not shown that the mistake was due to either a U.S. mail or Court Clerk error.

10. Notably, Plaintiff's Affidavit was executed in St. Louis County, Missouri. [DE 42, page 1] Plaintiff has not indicated when he relocated to Missouri, which would have required another notification to the Court and a change of address.

11. While Plaintiff's stated circumstances may be attributed to his mailing mistake, they do not explain Plaintiff's failure to take timely action in this case for nearly (8) months to prosecute his claim.

12. Plaintiff has not shown excusable neglect from the time of his attempted mailing until the time he consulted an attorney and "discovered" that the case was dismissed, nor has he shown he made diligent efforts to litigate his case (that stems from January 2014 events) and guard against any potential dismissal that could be prejudicial.

13. Additionally, Plaintiff made no efforts to contact counsel for the Defendants prior to the initiation of the instant motion on February 7, 2019.

14. The Defendants should not be prejudiced by having this case re-opened and re-

instituted simply because the Plaintiff has renewed interest in litigating this case over five (5) years after the January 8, 2014 events.  Statutes of Limitations in cases exist to protect Defendants.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; ... or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.' " *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

"The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, ... that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc.*, 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted) ).

Pursuant to Rule 60, a motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).   A determination of what constitutes a reasonable time depends on the circumstances in an individual case, and in making the determination, courts should consider whether the parties have been prejudiced by the delay and whether a good reason has been presented for failing to take action sooner.  *Rease v. AT&T Corp.*, 358 F. App'x 73, 75 (11th Cir. 2009) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1275-76 (11th Cir. 2008) ) (internal quotations omitted).

In *Hendry v. Cenergistic, Inc.*, the Court denied a Renewed Motion to Reinstate Case filed by newly retained counsel eight months after an order dismissing the case without prejudice was entered finding the motion not timely. *Hendry v. Cenergistic, Inc.*, 2017 WL 7792560 (S.D. Fla. July 17, 2017).  In *Hendry,* the Plaintiff also filed an Affidavit in support of the motion. Notwithstanding the policy favoring the adjudication of cases on the merits, equity will not save a plaintiff's cause of action, when a plaintiff fails to take the necessary available steps to do so himself.  *Id.* at 4 (quoting *Justice v. United States*, 6 F.3d 1474, 1480 (11th Cir. 1993)). In denying the relief, Judge Bloom indicated, "Given Hendry's apparent lack of diligence in seeking relief from the Dismissal Order with an insufficient explanation in the Affidavit for the delay, he fails to demonstrate that the Motion was filed within a reasonable time."  *Id.* at 4.

The instant case is akin to *Hendry* in that Plaintiff has shown a lack of diligence in seeking relief following *his* mistake and there is an insufficient explanation in his Affidavit for his delay in filing the instant motion.

WHEREFORE, Plaintiff's Motion should be denied.

Respectfully submitted this 27th day of February, 2019.

By:  /s/ Jeffery R. Lawley
JEFFERY R. LAWLEY
Florida Bar No.: 0596027
Email: jrl@bclmr.com
BILLING, COCHRAN, LYLES,
  MAURO & RAMSEY, P.A.
SunTrust Center, 6th Floor
515 East Las Olas Boulevard
Fort Lauderdale, FL  33301
Tel: 954-764-7150
Fax: 954-764-7279
**Attorneys for ARIAS, SANTIAGO, REYES, PORTERFIELD and PACHECO**

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February, 2019, pursuant to Federal Rule of Civil Procedure 5(b)(3) and S.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before the Court.

By:   /s/ Jeffery R. Lawley
JEFFERY R. LAWLEY
jrl@bclmr.com