UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| JIMMY JEAN-BAPTISTE NOEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL NO. 0:18-CV-60041-WJV |
| v. | ) |
| | ) |
| ANTONIO ARIAS, et al, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND FINAL JUDGMENT**

The Plaintiff, JIMMY JEAN-BAPTISTE NOEL (the "Plaintiff"), through the undersigned counsel files the following reply to Defendants' Response to his Motion to Vacate the Dismissal and Final Judgment entered in this case. In support, the Plaintiff states as follows:

1. As indicated in Plaintiff's motion to vacate the dismissal, after he was released from Jail on April 22, 2018, he moved in with his mother in Lauderdale Lakes.

2. In an effort to comply with the Court's order Plaintiff attempted to mail a change of address from the public library in May 2018, however it was never received.

3. Clearly an error occurred. Admittedly, Plaintiff does not know who caused the error or at what stage it occurred. Further, he accepts the error may have been his.

4. While Defendants make the conclusory statement that "Plaintiff has failed to demonstrate that he complied with the Court's Order," Plaintiff has stated under oath that he tried to comply with the Order.

5. Defendants further makes the unsupported assertion that because Plaintiff's affidavit was signed in Missouri, he failed to update the Court of another address change. However,

this conclusory statement is not true. The undersigned proffers that Plaintiff is working as a truck driver, and at the time he retained counsel he was employed seasonally and considered his mother's home in Lauderdale Lakes as his residence.

6. Per his affidavit, Plaintiff believed that he had updated the Court of his current address, therefore he did not know that action needed to be taken nor was he aware that the case had been dismissed.

7. Rule 60 should be liberally construed. *See Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. Unit A Jan. 1981) (citations omitted). Further, "[d]efaults are not generally favored and doubts should be resolved in favor of permitting a hearing on the merits." *Rasmussen v. W.E. Hutton & Co.,* 68 F.R.D. 231, 233 (N.D. Ga. 1975).

8. Plaintiff's case was not decided on the merits, rather it was a default which the Eleventh Circuit has made clear is not favored. *See Florida Physician's Ins. Co., Inc. v. Ehlers,* 8 F.3d 780, 783 (11th Cir. 1993); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.,* 740 F.2d 1499, 1510 (11th Cir.1984)(*citing Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401-02 (5th Cir. Unit A Jan. 1981) (discussing Rule 60(b) balancing of the desire to preserve the finality of judgments and the desire that a judgment reflect the merits of the case)).

9. Further, because the dismissal was effectively serves as a dismissal with prejudice, failure to vacate the dismissal is "an unduly harsh sanction for failing to prosecute his claim or comply with a court order, absent willful or contumacious conduct." *Stephenson v. Doe, 554 F. App'x 835, 837 (11th Cir. 2014).*

10. Even if the mistake was Plaintiff's his conduct was not willful or contumacious and does not justify the harsh punishment of dismissal with prejudice.

**WHEREFORE**, for the foregoing reasons as well as those outlined in his motion to vacate, Plaintiff's motion should be granted.

Respectfully submitted,

**s/Brandon Gibson**
Brandon Gibson (FBN: 99411)
E-mail:bgibson@bjglawfirm.com
THE LAW OFFICE OF BRANDON J. GIBSON, PLLC
3800 Inverrary Blvd, Ste. 401-T
Lauderhill, Florida  33319
Telephone: (754) 229-1151
Facsimile: (844) 761-8555
*Counsel for Plaintiff(s)*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ **Brandon J. Gibson**

## SERVICE LIST

**JIMMY JEAN-BAPTISTE NOEL v. ANTONIO ARIAS, et al.**
**Case No. 18-cv-60041-WJV**
**United States District Court, Southern District of Florida**

Brandon Gibson
E-Mail:bgibson@bjglawfirm.com
THE LAW OFFICE OF BRANDON J. GIBSON, PLLC
3800 Inverrary Blvd., Suite 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (866) 761-1555
*Counsel for Plaintiff(s)*

Jeffery Rodman Lawley
E-Mail: jrl@bclmr.com
William Tucker Craig
E-Mail: wtc@bclmr.com
Billing, Cochran, Lyles, Mauro & Ramsey, PA
515 E. Las Olas Boulevard, Suite 600
Ft. Lauderdale, Florida 33301
Telephone: (954) 764-7150
Facsimile: (954) 764-7279
*Counsel for Defendant(s)*